UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUSSMAN and MICHAEL SUSSMAN,<br><br>         Plaintiffs,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>         Defendants. | Case No.: 19-CV-1063-DMS-JLB<br><br>**ORDER DENYING RULE 60(b) MOTION** |

This case comes before the Court on Plaintiff's motion for relief from final judgment under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, the Court denies Plaintiff's motion.

**I.**

**DISCUSSION[1]**

On November 14, 2019, Plaintiff, proceeding pro se, filed a timely Notice of Appeal of the Court's order granting Defendants' motion to dismiss. Five days later, Plaintiff

---

[1] The factual and procedural background of this case is set out in detail in the Court's order granting Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). ECF No. 111.

moved for relief from judgment under Rule 60(b), arguing the Court's order is "based upon fraud or mistake." ECF No. 118 at 1.

It is well settled that the "filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to entertain the motion. *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) (holding that the filing of a notice of appeal strips the district court of jurisdiction over the Rule 60(b) motion). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). This procedure is set forth in Federal Rule of Civil Procedure 62.1, which provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>     (1) defer considering the motion;
>     (2) deny the motion; or
>     (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Where an appellant fails to follow the above procedure, a district court has no jurisdiction to consider the merits of the Rule 60(b) motion. *See Katzier Floor*, 394 F.3d at 1148 (vacating the district court's order denying appellants' Rule 60(b) motion).

Here, Plaintiff filed a notice of appeal before she moved for relief from judgment pursuant to Rule 60(b). Plaintiff also failed to follow the procedure set forth in Rule 62.1.

The Court, therefore, lacks jurisdiction to entertain Plaintiff's motion and it is accordingly denied.

**CONCLUSION AND ORDER**

For the reasons set out above, the Court denies Plaintiff's Rule 60(b) motion for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: November 22, 2019

_____
Hon. Dana M. Sabraw
United States District Judge